IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARY J. CUPPETT, | ) | Case No. 3:18-cv-14 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| RITE AID OF PENNSYLVANIA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I. **Introduction**

This case arises from Defendant Rite Aid of Pennsylvania, Inc.'s ("Rite Aid") alleged discrimination against Plaintiff in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII") and Age Discrimination in Employment Act ("ADEA") while working as a pharmacist for Defendant. Pending before the Court is Defendant's Motion for Summary Judgment. (ECF No. 30.) The Motion is fully briefed (ECF Nos. 31, 35, 41) and ripe for disposition. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

II. **Jurisdiction and Venue**

This Court has subject-matter jurisdiction because Plaintiff's claims arise under federal law. 28 U.S.C. § 1331. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

## III. Factual Background

The following facts are undisputed unless otherwise noted.[1]

### A. Plaintiff's History as a Pharmacist for Defendant

In 1997, Plaintiff—who was born in 1949—worked part-time at an independent pharmacy that Defendant acquired. (ECF No. 32 ¶¶ 14, 18.) Approximately a year after the acquisition, Plaintiff resigned from Rite Aid. (*Id.* ¶ 22.) In October 2000, Plaintiff reached out to his former supervisor at Rite Aid, Frank Aceto, to see if Rite Aid had any jobs available. (*Id.* ¶ 23.) Mr. Aceto informed Plaintiff that Rite Aid had a pharmacist position available splitting time between Rite Aid's Huntingdon and Mount Union locations. (*Id.* ¶ 24.) Plaintiff applied for and received this position, but subsequently resigned from Rite Aid because he did not want to travel to the two locations. (*Id.* ¶¶ 25, 31.)

---

[1] The Court derives these facts from solely Defendant's Concise Statement of Material Facts in Support of its Motion for Summary Judgment (ECF No. 32). The Court notes that Plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Local Rules of Court of the United States District Court for the Western District of Pennsylvania, and the Practices and Procedures of this Chambers. Federal Rule 56(c)(1), Local Rule 56(C)(1), and this Chamber's Practice and Procedures unequivocally require a responsive concise statement of material facts to contain references to materials in the record. *See* Fed. R. Civ. P. 56(c)(1); LCvR 56(C)(1), https://www.pawd.uscourts.gov/sites/pawd/files/lrmanual20181101.pdf; Practices and Procedures of Judge Kim R. Gibson at 28, https://www.pawd.uscourts.gov/sites/pawd/files/JG-Practices-Procedures.pdf. Here, in Plaintiff's Response to Defendant's Concise Statement of Material Facts in Support of its Motion for Summary Judgment (ECF No. 36), Plaintiff's denials state only "Denied–Unknown" or "Denied–Not Material" and do not contain any references to materials in the record. Similarly, Plaintiff's Concise Statement of Undisputed Material Facts (ECF No. 37), does not contain a single citation to materials in the record. These rules do not exist only as mere formalities; they serve an important purpose for the Court. Concise statements of material fact isolate the disputed facts and assure that the parties have produced materials in the record to support their underlying claims. A party cannot oppose a motion for summary judgment on mere denials of material facts. Fed. R. Civ. P. 56(c). Failure to comply with these rules has consequences, as "[a]lleged material facts set forth in the moving party's Concise Statement of Material Facts . . . will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." LCvR 56(E); *see also* Practices and Procedures of Judge Kim R. Gibson at 28–29 (same). Accordingly, the Court deems all of the facts in Defendant's Concise Statement of Material Facts in Support of its Motion for Summary Judgment (ECF No. 32) to be admitted by Plaintiff.

In July 2002, Pharmacy District Manager Sherry McQuiston reached out to Plaintiff to see if he would be interested in a pharmacist position at a store in Windber. (*Id.* ¶ 32.) Plaintiff accepted Ms. McQuiston's offer and returned to employment with Rite Aid. (*Id.* ¶ 33.) In May 2003, Plaintiff took over the Pharmacy Manager position at a store in Cresson and, after about a year, Plaintiff was moved to a floating pharmacist position. (*Id.* ¶¶ 34–35.) Over the next several years, Plaintiff shifted between positions at different stores and Defendant ultimately transferred him back to the store in Windber in July 2013, as the store's staff pharmacist. (*Id.* ¶¶ 36–40.)

In August 2014, Ms. McQuiston transferred Plaintiff to a floating pharmacist position. (*Id.* ¶ 43.) Plaintiff did not object to this transfer, did not inform Ms. McQuiston that he would prefer to stay at Windber, and did not tell her that he did not want to be a floating pharmacist. (*Id.* ¶ 44.) Plaintiff admits that Ms. McQuiston's motivation for this transfer was not related to Plaintiff's age. (*Id.* ¶ 45.)

In April 2015, Plaintiff went on a leave of absence, and returned in October 2015, as a floating pharmacist. (*Id.* ¶¶ 46–47.) In February 2016, Defendant transferred Plaintiff back to the staff pharmacist position at the Windber store. (*Id.* ¶ 48.) In August 2016, Plaintiff went on another leave of absence through October 2016, and upon his return, Defendant placed him in a floating position, with the Windber store as his home store. (*Id.* ¶¶ 49–50.)

On November 20, 2016, Defendant placed Megan Frazer—who was born in 1992—in the staff pharmacist position at the Windber store. (*Id.* ¶ 51.) Plaintiff did not complain to Ms. McQuiston about being placed in a floating pharmacist position, and did not express a desire to return to a staff pharmacist position following his leave. (*Id.* ¶ 52.) In fact, Plaintiff told Ms. McQuiston on multiple occasions that he preferred the floating pharmacist position, because he

-3-

did not like the monotony of being assigned to the same store every day. (*Id.* ¶ 54.) The first time Plaintiff ever expressed a desire to be a staff pharmacist was during his performance review with Ms. McQuiston in April 2017—five months after Ms. Frazer was hired. (*Id.* ¶ 56.)

### B. Rite Aid's Reorganization of Plaintiff's Region

In March 2018, Rite Aid reorganized its districts and assigned Plaintiff to a new supervisor, Robert McEvoy. (*Id.* ¶ 56.) In November 2018, Rite Aid reduced the base hours for all floating pharmacists in Plaintiff's region to 60 hours per pay period. (*Id.* ¶ 59.)

Plaintiff never complained to Rite Aid about his hours being reduced and never complained that he thought the reduction was discriminatory in any way. (*Id.* ¶ 62.) Plaintiff never told Ms. McQuiston or Mr. McEvoy that he preferred and wanted to be a staff pharmacist instead of a floating pharmacist. (*Id.* ¶ 63.) Plaintiff was never told that if he did not take a certain position and/or opportunity offered to him he would be terminated. (*Id.* ¶ 64.) Plaintiff never made a complaint to anyone at Rite Aid regarding the terms or conditions of his employment, including any acts or circumstances of discrimination. (*Id.* ¶ 67.) Except for his two rehirings after resigning employment with Rite Aid, Plaintiff has never applied for a position within Rite Aid. (*Id.* ¶ 69.)

No one at Rite Aid, including Ms. McQuiston, ever made any comments about Plaintiff's age. (*Id.* ¶ 70.) Ms. McQuiston never acted discriminatorily towards Plaintiff on the basis of his gender. (*Id.* ¶ 71.)

### C. Rite Aid's Pharmacist Positions

Rite Aid maintains two types of salaried pharmacist positions—staff pharmacist and floating pharmacist. (ECF No. 32 ¶ 6.) The positions are considered to be coequal, and any

transfer between the two positions is considered lateral. (*Id.* ¶ 7.) The qualifications for the positions are the same, and the same job description is used for each. (*Id.* ¶ 8.) A staff pharmacist is assigned to specific store and works there on a regular basis and may, at times, be required to cover another store. (*Id.* ¶ 9.) A floating pharmacist is assigned to a specific store, works several shifts from that store, and also "floats" to other stores where coverage is needed. (*Id.* ¶ 10.) Staff and floating pharmacists receive the same benefits and opportunities for promotion. (*Id.* ¶ 11.)

## IV. Procedural Background

On January 22, 2018, Plaintiff filed the Complaint (ECF No. 1), which Defendant answered on April 16, 2018 (ECF No. 7). Defendant moved for summary judgment on June 17, 2019. (ECF No. 30.) Plaintiff responded in opposition on July 17, 2019, (ECF No. 34), to which Defendant replied on July 31, 2019. (ECF No. 41.)

## V. Legal Standard

This Court will grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010) (quoting *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 380 n.6 (3d Cir. 2007)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is a genuine issue of fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine if the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am.*

-5-

*Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). In deciding a summary judgment motion, this Court "'must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (quoting *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993); *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (noting that a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue").

VI. **Discussion**

    A. **The Parties' Arguments**

Plaintiff asserts that "evidence of both age and gender discrimination exists in the Defendant's [pr]eference to hire solely from a pool of candidates that primarily consists of the younger, female population." (ECF No. 35 at 3.) Plaintiff asserts that he has consistently demonstrated his aversion to the constant flux in his position as a floating pharmacist. (*Id.*)

Plaintiff contends that he expressed his dissatisfaction with the variations in job responsibilities and had twice resigned due to the traveling required as a floating pharmacist. (*Id.*)

Plaintiff argues that "[e]very supporting fact identified in Defendant's Motion is developed by conjecture" and does not provide "legitimate facts" that can support summary judgment. (*Id.*) Instead, the "fair and prudent decision" is to "permit empirical information to be evaluated before a jury." (*Id.*) Plaintiff asserts that four Rite Aid employees, each of who were younger, had less experience, and had less training and education than Plaintiff, were hired as staff pharmacists instead of Plaintiff. (*Id.* at 7–8.)

Defendant argues that Plaintiff cannot show that Rite Aid discriminated against Plaintiff on either the basis of his age or his gender. (ECF No. 31 at 2.) Defendant argues that Plaintiff's transfer from staff pharmacist to floating pharmacist was not an adverse employment action. (*Id.* at 4.) The two positions are considered to be coequal and any transfer between the two positions is considered lateral. (*Id.* at 5.) There is no difference in rank, pay benefits, or opportunities for promotion. (*Id.*) Defendant asserts that Plaintiff never once complained about working as a floating pharmacist and never told anyone at Rite Aid that he preferred to be a staff pharmacist. (*Id.* at 6.)

Defendant argues that Ms. McQuiston's decision to have Ms. Frazier replace Plaintiff at the Windber store after his leave of absence was not motivated by either age or gender. (*Id.* at 7, 13.) Ms. McQuiston made this decision because she believed that Plaintiff preferred being a floating pharmacist, a preference which he previously expressed to her. (*Id.*) Defendant asserts that Plaintiff admits that Ms. McQuiston's decision to transfer Plaintiff was not motivated by

-7-

either age or gender. (*Id.* at 10, 14.) Plaintiff cannot show that the proffered reasons for Plaintiff's assignment to a floating pharmacist position are pretextual. (*Id.* at 9, 14.)

Defendant next asserts that although the reduction in base hours was an adverse employment action, it was made for non-discriminatory reasons. (*Id.* at 8.) Rite Aid underwent a reorganization of the hours structure for all floating pharmacists in Plaintiff's region and reduced the hours for all floating pharmacists regardless of age to 60 hours. (*Id.*) Plaintiff cannot show that the proffered reasons for Plaintiff's reduction in hours are pretextual. (*Id.*)

### B. Defendant Is Entitled to Judgment as a Matter of Law on Plaintiff's ADEA Claim Because Plaintiff Has Failed to Establish a *Prima Facie* Case of Age Discrimination

Plaintiff asserts that he was subject to discrimination because of his age. The ADEA makes it unlawful for an employer to discriminate against an individual with respect to his employment on the basis of the individual's age. 29 U.S.C. § 623(a). It is undisputed that during the period of time relevant to this case, Defendant was an "employer" subject to the ADEA's provisions, and Plaintiff was an "employee" entitled to statutory protection from age-based discrimination. § 630(b), (f).

Since this is an employment discrimination case in which no "direct evidence" of discrimination is presented, the Supreme Court's framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981), provide the formulation for allocating the requisite burdens of proof and production for purposes of the instant motion for summary judgment.[2] *Keller v. Orix Credit Alliance Inc.*, 130 F.3d 1101,

---

[2] The *McDonnell Douglas-Burdine* burden-shifting framework does not apply in an employment discrimination case in which "direct evidence" of discrimination is presented. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). "Direct evidence" of discrimination is evidence that is "so revealing of

1108 (3d Cir. 1997). In an employment discrimination case of this kind, the plaintiff must first establish a *prima facie* case of illegal discrimination. *Id.* If the plaintiff establishes a *prima facie* case of discrimination, the defendant must articulate legitimate, nondiscriminatory reasons for treating the plaintiff in an adverse manner. *Id.* If the defendant articulates legitimate, nondiscriminatory reasons for the plaintiff's adverse treatment, the plaintiff must demonstrate that the reasons given by the defendant for such treatment are merely a pretext for unlawful employment discrimination. *Id.*

To establish a *prima facie* case under the ADEA, Plaintiff must demonstrate that: (1) he is a member of the protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) that he was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).

Here, it is undisputed that Plaintiff is a member of a protected class because he is over forty years old. It is also undisputed that he was qualified for the staff pharmacist position because he held that position previously. Plaintiff asserts that two actions by Defendant were adverse employment actions that were made on the basis of age: (1) Plaintiff's placement in a floating pharmacist position in November 2016, and (2) a reduction in base hours in November 2018. The Court addresses each of these contentions in turn.

---

discriminatory animus that it is not necessary to rely on any presumption" from the plaintiff's *prima facie* case to shift the applicable burden of production to the defendant. *Starceski v. Westinghouse Electric Corp.*, 54 F.3d 1089, 1096 n.4 (3d Cir. 1995). The evidence presented in this case does not constitute "direct evidence" of discrimination.

### 1. Plaintiff Has Failed to Establish that Assignment to a Floating Pharmacist Position is an Adverse Employment Action

Plaintiff must allege an adverse employment action to establish a *prima facie* case of age discrimination. *Id.* An "adverse employment action" is an action by an employer that is "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004). Minor actions, such as lateral transfers and changes of title, are generally insufficient to constitute adverse employment actions. *Langley v. Merck & Co., Inc.*, 186 F. App'x 258, 260 (3d Cir. 2006). A transfer may be an adverse employment action if the new position "is inferior to, rather than merely different from" the employee's previous position or, stated differently, if the transfer is an "adverse transfer." *Id.*; *Washco v. Fed. Express Corp.*, 402 F. Supp. 2d 547, 558 (E.D. Pa. 2005).

Here, it is undisputed that the positions of staff pharmacist and floating pharmacist are considered to be coequal, and any transfer between the two positions is considered lateral. The qualifications for the positions are the same, and the same job description is used for each. Staff and floating pharmacists receive the same benefits and opportunities for promotion. The only difference between the position is where the employee reports for work each day. Plaintiff has not shown that the transfer between staff pharmacist and floating pharmacist was an adverse transfer. Plaintiff has not shown how the floating pharmacist position was inferior to the staff pharmacist position. The Court holds that Plaintiff's placement into a floating pharmacist position was not an adverse employment action within the meaning of the ADEA.

### 2. Plaintiff Has Failed to Establish that His Reduction in Was Made on the Basis of His Age

The parties do not dispute that the reduction in Plaintiff's hours was an adverse employment action because it affected his compensation. Defendant contends, however, that Plaintiff cannot show that age played any role in the decision to reduce his hours. The Court agrees.

Here, the record establishes that Rite Aid reorganized its districts in 2018 and, as a result of that reorganization, the base hours for all floating pharmacists in Plaintiff's region were reduced to 60 hours per pay period. Plaintiff has not shown that that his age was a factor in the decision to reduce his hours or was a factor in the decision to reduce the hours of floating pharmacists generally. Moreover, Plaintiff never complained to Rite Aid about his hours being reduced, and never complained that he thought that the reduction was discriminatory in any way. The Court holds that the reduction in Plaintiff's hours was not discriminatory and was instead made for legitimate, non-discriminatory reasons that applied to all floating pharmacists.

Because Plaintiff has failed to establish a prima facie case of age discrimination, Defendant is entitled to summary judgment on Plaintiff's age discrimination claim.

### C. Defendant Is Entitled to Judgment as a Matter of Law on Plaintiff's Title VII Claim Because Plaintiff Has Failed to Establish a *Prima Facie* Case of Gender Discrimination

Plaintiff also asserts that he was subject to discrimination because of his gender. Title VII makes it unlawful for employers to discriminate against an employee because he has filed a charge with the EEOC. 42 U.S.C. § 2000e-3(a). The *McDonnell-Douglas* framework also governs Title VII gender discrimination claims for which no direct evidence of discrimination is offered.

*Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318 (3d Cir. 2000). If the plaintiff first articulates a *prima facie* case of discrimination, the employer must then come forward with a legitimate, non-discriminatory reason for the discharge. *Id.* at 319. If the employer produces a legitimate, non-retaliatory reason, the Plaintiff then shoulders the burden of proving that legitimate reason is pretextual, and that retaliation was the true ground for termination. *Id.*

To establish a *prima facie* case of gender discrimination under Title VII, Plaintiff must demonstrate that: (1) he is a member of the protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) existence of circumstances which give rise to an inference of prohibited discrimination. *Wood v. Univ. of Pittsburgh*, 395 F. App'x 810, 814 (3d Cir. 2010).

Here, it is undisputed that Plaintiff is a member of a protected class because he is a man. It is also undisputed that he was qualified for the staff pharmacist position because he held that position previously. Plaintiff asserts that his placement in a floating pharmacist position in November 2016, was an adverse employment action made on the basis of his gender.

As discussed, Plaintiff cannot establish that his placement into a floating pharmacist position was an adverse employment action. *See supra* Section VI.B.1. Without evidence of an adverse employment action, Plaintiff cannot make out a *prima facie* case of gender discrimination under Title VII. Defendant is therefore entitled to summary judgment on Plaintiff's gender discrimination claim.

### VII. Conclusion

For the forgoing reasons, the Court grants Defendant's Motion for Summary Judgment. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARY J. CUPPETT, | ) | Case No. 3:18-cv-14 |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| RITE AID OF PENNSYLVANIA, INC., | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 21st day of October, 2019, upon consideration of Defendant's Motion for Summary Judgment (ECF No. 30), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motion is **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE